Good morning, Your Honor. May it please the Court. Yes. Yes, Your Honor. Thank you, Counsel. Whenever you're ready. Thank you, Your Honor. May I reserve two minutes for rebuttal? Yes. My name is Ignacio Fernandez. I represent the appellant, Joe Torres-Monje, in this case. And I go straight to the point. The jury in this case, Your Honor, was instructed that to find my client guilty, they had to find beyond a reasonable doubt that my client knowingly possessed the images on or about a date reasonably proximate to March 15, 2015 and May 6, 2015. However, the evidence in this case, Your Honor, shows that the 19 images in question were found by the government after they had the computer, my client's computer. They had them in their possession for three months using specialized equipment. Only then were they able to find those images in the unallocated clusters of my client's computer. Now, according to the government's own testimony, the images found in those unallocated clusters were unavailable to my client. My client could not see them, had no access to them, and there's no evidence that he knew he was there. Now, as I understand the government's argument, the government will posit that my client knew or should have known that those images were there because he, for example, used, there was evidence of usage of the e-mail file sharing system. However, when those images were found in the unallocated clusters, there was nothing, there was no remanence of the e-mail file sharing system in those clusters. So if that, it would stand to reason that if that file sharing operating program was used and deleted, as the evidence shows, well, it would also appear on the unallocated clusters. There's also nothing else that would corroborate that at some point, approximate to the dates listed in the indictment, that my client possessed those or knowingly possessed those images. The government, and just so I can make this clear, the government alleged that they downloaded a video from my client's file sharing folder, which gave them probable cause to get a search warrant. However, that video was not presented into evidence. Again, when the government went into my client's house and searched my client's computer, they allegedly found three images, which led to my client's arrest. Those three images were not presented to the jury. The government was also very clear at trial that the only issue for the jury to focus on were the 19 images found on the unallocated clusters. Now, I couldn't find a First Circuit case on point. I think this is an issue of first impression in this circuit. But I did find an issue, a case, precisely on point from the Ninth Circuit, which is U.S. v. Flyer. It's in my reply brief, 6-33-5-3-9-11. And the Ninth Circuit specifically stated what I'm arguing to this court, that the fact that those images were found in the defendant's computer, that doesn't mean he knowingly knew or he knowingly possessed those images, especially when they were in the unallocated clusters. Your Honor, I was trying to put this in perspective, see how I can convey my point to the court. And the only one thought that came to mind is that I consider myself to be fairly sophisticated for an old man in computers. But I assure you that I have no idea what's in my unallocated clusters in my computer. And from a practical standpoint, if the court were to sustain this conviction, I think it would open the door to a much broader definition of what knowingly is and what possession is. Possession requires a certain degree of control. I possess this cup or I possess whatever I have in my car. I mean, there's a certain degree of control that I can exert over that item. In this case, it is undisputed that my client had no control over those images. Specifically, even more so around the dates of the indictment. And the knowingly possession standard, I mean, those are elements of the offense. They have to be proven beyond a reasonable doubt. And it is not something that the jury should be able to infer as a logical inference that human beings can make from personal experience. Such as, well, if it's wet outside and all the streets are wet, it probably rained. That's a logical inference. But to jump from that to inferring what can be in an unallocated cluster where you need sophisticated equipment to view those images. That you need sophisticated training to view those images. A training which, by the way, there was no evidence that my client had. On the contrary, my client had some limitations which were addressed at sentencing. And I think were included on my sealed appendix. So I think it's a very, very big stretch. So that is basically, Your Honor, our argument. That the evidence was insufficient to support a finding of guilt. It is not limited to the Rule 29 that was presented after the government's close. When the government finished presenting their evidence. It is not limited to the written motion for judgment of acquittal that was filed after the verdict. It's just the evidence was just not there, Your Honor. Does the government have to prove the knowing possession at the time that it alleged there was the knowing possession? Or is it sufficient to have proof that it occurred within the statute of limitations? No, I think for the indictment to provide due notice to the defendant. And the case will burst me out, I think. The government has to prove dates proximate to the dates shown in the indictment. They don't have to prove the exact dates. Was there a variance argument raised? I actually thought about that a lot. I really gave it a lot of thought. And I decided not to raise the variance argument. Because the variance argument presumes that a different crime was proven at trial. And this is not what happened in this case. They chose, they gave notice of a crime that happened, that they alleged happened. They presented the evidence, and the evidence was just insufficient. So I thought the better argument was the one I raised, just one of sufficiency.  But in my estimation, they did improve at differing crime. I understand. Judge Barron, do you have questions at this point? Just a couple, I think. I realize the only direct evidence of the existence of the images is that it's on the unallocated, showed up in the unallocated space on the computer. But in your case, I think there's no evidence that would preclude the conclusion that the evidence, that the pictures could have been viewed by the defendant on the date in question. May I answer? Yes. Okay. Actually, Your Honor, I most respectfully disagree, because the government could not state with any degree of precision. Actually, the government said it didn't know. And when I say the government, I mean the witness, the government's witness. When those images were transferred or were deposited or whatever you might call it, into the unallocated clusters. So to presume that my client had to rebut the idea that there could have been a chance that within a time period he could have seen those images, I think that shifts the burden of proof, Your Honor. I think that's a great question. I understand. I'm just trying to get the facts right. Yes, Your Honor. In this case, there's no evidence that these images were in the unallocated portion of the computer on the date in question in the indictment where they were supposedly viewed by the defendant. Is that right? That is correct, Your Honor. Okay. So does that make this case, that's the difference between this case and Flyer, right? Maybe I didn't follow Your Honor's question. I thought the way I read Flyer is pretty much exactly alike. I thought in Flyer, maybe I misread it. I thought in Flyer the court held that on the date in question when the evidence was supposedly viewed, the evidence showed that in fact the pictures were in the unallocated portion of the computer at that time. Okay. Well, actually, if that is the case, that is the way Flyer states, that's not really my recollection, but in any event, just to answer Your Honor's question, I think that supports my argument even more because in this case there is no evidence that my client ever viewed those pictures. No, but the problem would be that it would be the circumstantial evidence would be that he did download pictures during this period, he did use search terms, he did use the sites from which these pictures came, and he did it during the time periods in question. Whether these particular images then would just be, you know, that would be for a jury to decide based on the circumstantial evidence. If there was no evidence that the images were only present on the computer in the day in question, then wouldn't that pose a problem for you? Whereas if there was evidence that these were in the unallocated portion of the day in question, that would preclude the government's theory of the case, which is what I thought was going on in Flyer. It may be that you still have an argument that, you know, the government has to be able to rule out, has to show that they were not in the unallocated portion of that time. I take that point. But I thought that would make this case different than Flyer at least. Well, quite frankly, I'm having a little difficulty listening, Your Honor. But if I understood your question, the search that my client allegedly did that Your Honor is referring to was not related to this picture. That was related to the video, the original video that the government alleged that they were able to download from. Is there any circumstantial evidence that ties your client to these photographs? Well, I mean, there is some circumstantial evidence that were found on his computer. No, no, besides being on the computer. Based on his practice of searching for child pornography, deleting it. The fact that it's deleted is what makes it end up in the unallocated portion, et cetera. There is none, at least for the periods, the dates proximate to the dates of the indictment, Your Honor, charging the indictment. To me, there's no circumstantial evidence. There is some circumstantial. He didn't admit to doing searches for child pornography during that time period? No, sir. No, no, no. Not at all, sir. No. The admission was that he searched for child pornography before when he actually downloaded that video. I mean, he admitted to that video. There is conflicting testimony of how much the length of his search in the Internet for child pornography, but all of that was prior to the proximate dates of the indictment, Your Honor. So, again, I think Friar would be the case on point. So you're characterizing the record. There's no affirmative evidence of any kind of him searching for child pornography with respect to the time period other than the presence of the material in the unallocated database? Yes, Your Honor. I thought that when he was interviewed in May of 2015, he acknowledged doing searches and downloading within a two- or three-month time period prior to that. He admitted downloading and doing the search for the video. That is the best of my recollection. My recollection is that he did not admit to either viewing or downloading anything else except that video. So that's – I mean, it's all on the – the record is fairly short, but that is my recollection, Your Honor. Anything further, Judge Barron? That's it. Thank you, Your Honor. Chief Judge Howard, and may it please the Court. David Bornstein on behalf of the United States. The jury in this case convicted the defendant of knowingly possessing an image of child pornography on his computer in violation of 18 U.S.C. 2252a sub a sub 5 sub b. That statute has only three elements. One is that the defendant knowingly possessed an image. Two, that the image was child pornography. And three, that there be an interstate nexus requirement attached to that image. Now, two of those three elements are not being contested. The defendant conceded below, actually in his opening argument at trial, that the images at issue here, the 19 images taken from the unallocated space of his computer's hard drive, were indeed child pornography. And they've never contested the fact that those images, which the jury could have found were downloaded from the Internet and were kept on his computer manufactured in China, met the interstate nexus requirement. The only element that's being contested here is the knowing possession. And this is actually a very easy case under this Court's precedent, in cases like Rogers and Bretton, in which the Court has held that when there is no question of there being inadvertent child pornography possession, in which the record makes it clear that the defendant was indeed someone who is knowingly downloading child pornography onto the computer, the jury or a jury could reasonably infer that child pornography images found on the computer were knowingly possessed by that defendant, even if the images were deleted, even if they were found only in files that were hidden, of which there is no proof that the defendant knew. So once those things are in place, I think this is actually a very easy case for the jury to have determined, given not only the government's case, but also if you look more broadly at the evidence as a whole. Now, the defendant, however, as he indicated here at oral argument, is really focusing on the jury instructions. He's focusing specifically on the fact that the jury was told that in order to convict the defendant, the government needed to show that the images at issue here were found beyond a reasonable doubt, but that the defendant possessed them between the dates alleged in the indictment. Now, that part of the jury instruction was not actually going to an element of the offense, and this is clear. It's clear by looking at the statute, section 2252A sub A sub 5 sub B. There is no requirement of a specific time. It's clear on the face of the indictment. The indictment alleges that the defendant possessed the child pornography on or about a certain date, and this court's precedent makes it clear that in order for indictment to do that lawfully, the time period of possession or in which the crime was committed cannot be an element of the crime. And third, it's also clear on the face of the jury instructions. If you look at the instructions, it's instruction number 10 that sets forth the elements of the offense, and they're the three that I set out. The separate instruction as to what on or about means in the indictment is instruction number 11. So at no point, or there's actually no basis in law or on this record, to find that the jury was told that it was an element of the offense, that the defendant be found guilty of possessing the child pornography between certain dates. The defendant here relies very heavily on a Ninth Circuit case, United States v. Flyer. That is a case that we referenced actually in our response brief, and we did so in a footnote explaining why that case, whatever it might mean, is no longer good law. If you look at the Ninth Circuit's decision, it came out in 2011, they seemed to take the date in the indictment, and I believe it was April 13, 2014, and they elevated that into an element of the offense. And the Ninth Circuit said that because there is no proof that the defendant had knowing possession of the child pornography in the unallocated space of his hard drive on the specific date alleged in the indictment, the jury didn't have sufficient evidence before it to convict the defendant. At the very end of that opinion, the Ninth Circuit rejects an argument that the government made. The government said the record was very clear, as it was clear here, that in order for an image to be on the unallocated space of the hard drive, it had to be deleted from the working or usable space of the computer. The computer user deleted the image, and in deleting the image, clearly exercised dominion and control over it. The Ninth Circuit said that evidence of deletion, though, was not sufficient to find that the defendant, again, had knowing possession of it on the specific date in the indictment. Now, five years later, the United States Supreme Court decided the case of Musacchio v. United States. In that case, a jury had actually been instructed that in order to convict the defendant of an unauthorized access of a computer charge, an additional element was included. And the question then was, when on sufficiency review, a reviewing court were to look at the evidence, did it have to find that the government's case met the heightened standard of proof? And the U.S. Supreme Court unanimously said no. They said that under sufficiency review, all that a reviewing court looks at is the elements of the offense. Moreover, the court said it does not matter if the jury was informed that there was an additional element. That actually legally doesn't exist. And it doesn't matter if the government did not object to that heightened jury instruction. The due process interest that sufficiency review protects only goes to the elements of the offense. And again here, it is quite clear that the defendant knowingly possessed the child pornography on his hard drive. Now, Judge Barron did ask what evidence is there of that. And there's actually ample circumstantial evidence. First, it was found on his computer. The computer resided in his bedroom. He was substantially the only user of the computer. In the government's case, it was Agent Max Rodriguez who testified that the defendant had admitted he was the user of that computer. We expand the record to look at the defense case. The defendant took the stand and admitted that he was really the only user except for his mother, who he lived with, who used the computer sometimes to check her email. And he specifically stated that his father was forbidden from entering his bedroom to use his computer. Second, there's the type of child pornography on the computer. It was of very young girls. The defendant admitted in his May 2015 statement to Homeland Security agents that he was interested in child pornography involving very young girls. And he admitted that on multiple occasions over a two to three-year period, that he had indeed searched for child pornography on EMU for images involving five, six, and seven-year-old girls. There was the fact that the images were deleted. And he admitted that after viewing child pornography, he would habitually delete the images since he knew it was illegal to possess them. And he, in fact, did admit to downloading child pornography during the period covered by the indictment. On the one hand, as you pointed out, Your Honor, he did state in his May 2015 statement that he had downloaded child pornography up to two to three months before that May 15 statement, which, of course, includes March 2015. And March 16, 2015 is the first day in the indictment. There's also the fact, again, if we expand the record and look at the defendant's own testimony, he took the stand and he admitted that on March 16, 2015, the first day covered by the indictment, he knowingly downloaded two images, sorry, two videos of child pornography. So given all of this evidence, we believe that the jury had an ample basis to find that the defendant knowingly possessed the images in the unallocated space. I simply want to clear up. My brother over here just argued that there was no evidence that EMU was on his computer. The defendant admitted to using EMU. He admitted to installing it and uninstalling it on four to five occasions. And it's simply not correct to say that Homeland Security's forensic analysis of his hard drive did not find EMU on the computer because that was not the purpose of that search. Presumably, there was a lot on the unallocated space of the hard drive. It's not as though if you looked at that deleted space, all that there was was 19 images of child pornography. There was much more on it. It simply wasn't relevant to the search that Agent Salvador Santiago performed, which was to find child pornography. Now, in arguing this, I simply want to make clear that we do believe that under de novo review of the government's The jury had ample reason to convict the defendant of his violation of Section 2252A. But we do believe that the proper standard here is to review the evidence as a whole for clear and gross injustice. Now, if there are no further questions, I will yield the rest of my time. Judge Barron, any questions? Just one. Is there evidence in the record that shows the date at which the images appeared in the unallocated portion of the computer? No, Your Honor. And that is simply a result of what happens when an image is deleted. Here, I would actually point you to United States v. Flyer on this specific factual issue. The Ninth Circuit was very good at pointing out, and I can quote it to you since I have it before me. And this is from 633F3RD918. All that can be known about a file in unallocated space, in addition to its contents, is that it once existed on the computer's hard drive. All other attributes, including when the file was created, accessed, or deleted by the user, cannot be recovered. So, there is no information as to when these images were deleted. However, we can pretty much specify roughly when the images were deleted. And we can do this for one main reason. When the defense case was put on, they indicated that, or I shouldn't say deleted, but when the defendant last clearly had control over them. When the defense case was put on, the defendant's father testified that in October 2014, the defendant's hard drive became disabled. And they had to buy a new hard drive. And that on October 18, 2014, they bought a brand new hard drive. They bought recovery software, and that software transferred all the data on the old hard drive onto the new one. So, we believe that two things can be inferred from this, and these are really the only logical possibilities. One is that the recovery software transferred the child pornography from the old to the new hard drive, in which case the defendant did exercise dominion and control over it. He transferred it from one to the other. Or, the defendant downloaded the child pornography after October 18, 2014, and deleted it sometime after. Actually, we do believe we can get more precise, and I will say this. The defendant admitted that he first downloaded child pornography two to three years earlier, so it was at least within two to three years that he did it. Also, we find it significant that the record indicates that the defendant had on his computer at one point in time, and that one point in time is March 16, 2015, a 15-minute video of child pornography. This was the video that the agent… Can I just interrupt you? Yes. I take it what you're saying is, and I realize you don't think this hurts your case, and I can see why it might not, but I think what you're saying is there's no factual distinction between this case and Flyer. Is that right? There… I actually believe, Your Honor, you did hit on an important distinction, and that distinction is April 14, 2014, which I believe was the operative date in Flyer, that was the date that the authorities seized the computer, and that was the last date that the defendant had possession of the computer, and on that date, the images were in the unallocated space. Whereas here, the computer was seized on May 6, but the indictment date, the indictment period, went back to March 16, and we believe that given the fact, again, that that 15-minute video had been deleted and been completely written over, such that there was no further indication of his presence on the hard drive, but these 19 images still remained on the hard drive would provide the jury with a basis from which to infer that those images must have been downloaded and deleted after March 16, 2014. Whereas in Flyer, they couldn't have made such a conclusion. There couldn't have been because the indictment period only covered times in which it was certain that the images had already been deleted. Okay, then just one last question, which I realize there's not a variance argument in this case, but I'm just trying to understand how the government understands its charging decisions to work going forward in a situation like this. I realize this is on or about, so there's some flexibility as to the date, but from the way you're talking, about could mean as early as a year or two years earlier than the date given in the indictment. And I guess I'm just wondering, I mean, if a variance challenge is brought when the indictment says on or about X date and then the proof shows, well, it could have been an image that was downloaded two years before that, is that good enough? Yes. So let us pretend that a variance argument were brought. The first question would be, is it a permissible variance? The answer is yes. A permissible variance is any variance that occurs between the indictment date and the statute of limitations. Under 18 U.S.C. section 3299, there is no longer, as of July 2006, a statute of limitations for a violation of 18 U.S.C. 2252A. And so, you know, in theory, a person can be indicted for child pornography that they possessed decades ago today. And then the second question is, was the variance prejudicial? And the prejudice that we look at is specifically the defendant's ability in order to make a defense and also raise a double jeopardy challenge were he ever indicted for child pornography possession again. And here we believe that there is no possibility of prejudice, precisely because the indictment stated that the child pornography was on the defendant's computer. So why wouldn't it be prejudicial if the defendant wouldn't know what he's got to disprove? If he thinks the government's trying to prove he had possession on X date, then it turns out actually the government was going to prove he had it two years earlier. He puts all his effort into showing I didn't have it on that date, and then you come back and say, yeah, but you didn't disprove you had it two years earlier, and that's fine. Wouldn't that put the defendant in a pretty tough position? Well, if there were facts in which the defendant's entire – if a defendant were to defend against a charge such as this, on that basis, more or less saying I am narrowly construing my defense so that I may have possessed it earlier but not around this time, possibly a defendant could argue – well, possibly could argue prejudice, but that wouldn't be the case here, Your Honor. And the reason why is because the defendant's defense at trial appeared to very much be, on the one hand, if I did not – and I'm thinking specifically about the kinds of arguments he raised in his Rule 29 motions. He seemed to indicate simply downloading these videos wasn't enough. I needed to print the videos or do something of that nature in order to have true knowing possession. And then, B, he seemed to push against the circumstantial evidence, saying, well, if there's no direct evidence that I'm the one who did this, how can I be convicted? So under the facts of this case, the defendant didn't bring the kind of defense that might open itself up to any kind of prejudice argument, were, again, a variance argument to have been made. Okay, thank you. You're welcome. Thank you, Your Honor. Ignacio Fernandez for defendant. May it please the Court again. I will try to rebut from last to first. Your Honor, a jury cannot convict just on prior bad acts. Okay, and that is the feeling that I'm getting from what I read from the brief and what I'm hearing from my brother argue to the Court. Prior bad acts are just prior bad acts. I mean, that doesn't substitute the knowing possession standard that the statute requires to be proven beyond a reasonable doubt. The citation that my brother presented from Flyer, it was actually given, it was actually written by the Ninth Circuit in support of reversing the conviction. So that citation that my brother gave to the Court, it actually, it was written by the Ninth Circuit to say you cannot prove the knowing possession standard, precisely because there's no evidence, you could not, the government could not bring any evidence of how the files were manipulated or inserted into the unallocated clusters. As to the case law that also my brother cited from this circuit, actually, those cases are different because the images in those cases were found either on the cache files, which are always available to the user, or they were found on personal files that were, again, available to the users. This is totally different. It is true, just to finish up, it is true that the dates are not an element of the offense. I have never argued that. But they are a requirement of due process, Your Honor. How can I defend myself, like in this case, say, well, from this date to this date, you had some child porn, but then come back, the government said, well, maybe not this date, but you had it four years ago. So there is no way I could raise double jeopardy, for example, if I'm facing that type of prosecution. Just before you step back, Judge Barron? I'm fine, thank you. Thank you, Your Honor. Thank you.